```
 1
 2
 3
 4
 5
 6
 7
 8                      IN THE UNITED STATES DISTRICT COURT
 9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10  WILLIAM F. LYONS,
11          Plaintiff,                    No. CIV S-09-0201 LKK EFB PS
12      vs.
13  HILLARY CLINTON, et al.,
                                          ORDER
14          Defendants.
                                     /
15
16      This case, in which plaintiff is proceeding *in propria persona*, was referred to the
17  undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks
18  leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.
19      Plaintiff has submitted an affidavit making the showing required by 28 U.S.C.
20  § 1915(a)(1) that he is unable to prepay fees and costs or give security therefor.  Accordingly,
21  the request to proceed *in forma pauperis* will be granted.
22      Determining that plaintiff may proceed *in forma pauperis* does not complete the required
23  inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time
24  if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails
25  to state a claim on which relief may be granted, or seeks monetary relief against an immune
26  defendant.
```

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th
3   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th
7   Cir. 1989); *Franklin*, 745 F.2d at 1227.

8   To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain
9   "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v.*
10  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (stating that the 12(b)(6) standard that dismissal is
11  warranted if plaintiff can prove no set of facts in support of its claims which would entitle
12  plaintiff to relief "has been questioned, criticized, and explained away long enough," and that
13  having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an
14  accepted pleading standard").  Thus, the grounds must amount to "more than labels and
15  conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.  Instead,
16  the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . .
17  on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*.
18  (emphasis deleted).  Dismissal may be based either on the lack of cognizable legal theories or
19  the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica*
20  *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

21  The complaint's factual allegations are accepted as true. *Church of Scientology of*
22  *California v. Flynn*, 744 F.2d 694 (9th Cir. 1984).  The court construes the pleading in the light
23  most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks School of Business,*
24  *Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  General allegations are presumed to
25  include specific facts necessary to support the claim. *National Organization for Women, Inc. v.*
26  *Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561

(1992)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Although the court has an obligation to construe the pleadings of a pros se litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc), the court's liberal interpretation of a pro se complaint may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

The instant complaint names as defendants former U.S. Senator (now U.S. Secretary of State) Hillary Clinton; Judge Archie Williams of Valatie, New York; Columbia County (New York) Sheriff's Department; Columbia County Mental Health; Columbia Memorial Hospital; State of New York ; and New York State Department of Corrections. The complaint premises this court's jurisdiction on diversity of citizenship, 28 U.S.C. § 1332, and federal question, 28 U.S.C. § 1331, the latter based upon plaintiff's allegations pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*. The one-page handwritten complaint asserts that the Columbia County Sheriff's Department caused "violent assaults on my life to the point of going into cardiac & respatory [sic] arrest, as well as the Columbia County Mental Health & the Columbia Memorial Hospital." The complaint alleges false imprisonment against the New York State Department of Corrections, and that former Senator Clinton and

3

Judge Williams "have directly conspired to defraud, defame, intimidate and falsly [sic] imprison me," in violation of the RICO Act. Plaintiff states on his civil cover sheet that he is challenging a "conspiracy to cover up 1st degree attempted murder." Plaintiff seeks "100 million" dollars in damages.[1]

Plaintiff's claims against each individually named defendant appear to be legally frivolous. Moreover, judges are absolutely immune for their judicial acts. *Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir.2000); *see also Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts"). No action for damages may be brought against Judge Williams for conduct or decisions made within the exercise of his judicial discretion. These principles require dismissal of defendant Judge Archie Williams.

Similarly, government officials are qualifiedly immune from suit, and may be liable for civil damages only if their conduct violates a clearly established constitutional right. *Pearson v. Callahan*, ___U.S. ___, 129 S.Ct. 808, 815 (2009) (citations and internal quotations omitted). This standard, coupled with plaintiff's legally frivolous claims, require the dismissal of defendant Hillary Clinton.

Nor does plaintiff state a RICO claim. RICO provides a private right of action for treble damages to "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). "Section 1962, in turn, lists four separate acts which form the basis for RICO liability: (a) to invest income derived from a pattern of racketeering activity in an enterprise; (b) to acquire or maintain an interest in an enterprise through a pattern of racketeering activity; (c) to conduct the affairs of an enterprise through a pattern of racketeering activity; or (d) to conspire to commit any of the above acts. 18 U.S.C. § 1962(a)-(d). A plaintiff must show,

---

[1] In addition, plaintiff filed, Dckt. No. 3, then withdrew, Dckt. No. 4, a separate document seeking "protection against the comunity [sic] of Hollywood as well as Hillary Clinton. They have violently assaulted my person and I fear for my life!"

therefore, an injury to business or property as well as a violation of one or more of the four acts above to recover under RICO." *Diaz v. Gates*, 380 F.3d 480, 483 (9th Cir. 2004). In order to demonstrate injury to business or property, a plaintiff must show "concrete financial loss, not mere injury to a valuable intangible property interest," recovery for personal injuries is precluded. *Ibid*. (citations and internal quotations omitted). The instant complaint does not allege injury to plaintiff's business or property, but seeks damages only for personal injuries. Thus, the complaint does not state a claim under RICO.

Plaintiff alternatively premises the jurisdiction of this court on diversity of citizenship,[2] based on plaintiff's current Sacramento address and the fact that all defendants are "citizens" of New York. However, several problems remain. If plaintiff attempts to make his claims pursuant to the federal jurisdictional umbrella of 42 U.S.C. § 1983, he has not set forth sufficient facts to identify the constitutional, or other federal statutory, violations he challenges. Plaintiff contends he was falsely imprisoned, assaulted, suffered personal injuries (including cardiac and respiratory arrest), and was defrauded, defamed and intimidated. Plaintiff makes these allegations generally against the New York State Department of Corrections, and the Columbia County (New York) Sheriff's Department, Department of Mental Health, and Memorial Hospital.

Plaintiff's damages claims against the New York Department of Corrections are barred by the Eleventh Amendment. "The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) (citing *Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984) (sovereign immunity bars both federal-law and state-law claims in federal court); *see also*

---

[2] Diversity jurisdiction requires that plaintiff and each defendant be citizens of different states. 28 U.S.C. § 1332. "Diversity is determined as of the time the complaint was filed, and the burden of proving jurisdictional facts is on the party asserting jurisdiction. The diversity statute is construed strictly and doubts are resolved against finding jurisdiction." *China Basin Properties, Ltd. v. One Pass, Inc*., 812 F.Supp. 1038, 1039 (N.D. Cal. 1993) (citations omitted).

*Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991) (the Eleventh Amendment bars suits seeking relief against a state, an "arm of the state," and its agencies). As plaintiff articulates no basis for construing consent to suit by the New York Department of Corrections, and does not make these allegations personally against state officials or for equitable relief, the state defendant must be dismissed.

However, Eleventh Amendment immunity does not extend to counties. *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 280 (1977). Thus, the remaining defendants – Columbia County Sheriff's Department, Columbia County Mental Health, and Columbia Memorial Hospital – may properly be named, assuming plaintiff's claims are cognizable pursuant to 42 U.S.C. § 1983. In order to state a claim under § 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *see West v. Atkins*, 487 U.S. 42, 48 (1988). The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Servs*., 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). The court will therefore permit plaintiff an opportunity to amend his complaint to state cognizable claims against the county entities.

Accordingly, the court will dismiss plaintiff's complaint for failure to state a claim, but grant him leave to file an amended complaint that complies with Rule 8 and corrects the deficiencies addressed herein. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

6

1  their complaints).  Should plaintiff choose to file an amended complaint, he shall identify each
2  defendant in both the caption and the body of the amended complaint, and clearly set forth the
3  allegations against each defendant.  Local Rule 15-220 requires that an amended complaint be
4  complete in itself.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (amended complaint
5  supersedes the original complaint).  "[A] plaintiff waives all causes of action alleged in the
6  original complaint which are not alleged in the amended complaint," *London v. Coopers &*
7  *Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint
8  are no longer defendants, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, should
9  plaintiff  file an amended complaint, the court cannot refer to the prior pleading in order to make
10 the amended complaint complete.

11 Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil
12 Procedure, this court's Local Rules, or any court order may result in a recommendation that this
13 action be dismissed.  *See* Fed. R. Civ. P. 41(b); Local Rule 11-110.

14 Accordingly, IT IS ORDERED that:

15 1.  Plaintiff's request for leave to proceed *in forma pauperis* is granted;

16 2.  Plaintiff's complaint is dismissed with leave to amend; and,

17 3.  Plaintiff is granted thirty (30) days from the service date of this order to file an
18 amended complaint.  The amended complaint must bear the docket number assigned to this case
19 and be labeled "Amended Complaint."  Failure timely to file an amended complaint in
20 accordance with this order may result in a recommendation this action be dismissed.

21 SO ORDERED.

22 DATED: April 28, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE