1
2
3
4
5
6
7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10  WILLIAM E. LYONS,

11          Plaintiff,                    No. CIV S-09-0201 LKK EFB PS

12      vs.

13  COLUMBIA COUNTY SHERIFF'S
    ASSOCIATION, et al.,
14                                        ORDER TO SHOW CAUSE
            Defendants.
15  _____/

16      This case, in which plaintiff is proceeding *in propria persona*, was referred to the

17  undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule

18  72-302(c)(21). On January 23, 2009, plaintiff filed an initial complaint and an application to

19  proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Dckt. Nos. 1, 2. On April 29, 2009,

20  this court granted plaintiff's request to proceed *in forma pauperis*, and dismissed plaintiff's

21  complaint with leave to amend. Dckt. No. 5.

22      On July 24, 2009, plaintiff filed an amended complaint against defendants Columbia

23  County Sheriffs Association, Columbia County Mental Health, Columbia Memorial Hospital,

24  and "specific persons and/or personal employees within the entities that need to be identified,"

25  alleging violations of the Americans with Disabilities Act, the Civil Rights Act, the U.S.

26  Constitution, and 18 U.S.C. §§ 1961 *et seq*. (RICO). Dckt. No. 8. Plaintiff contends that

defendants filed false charges against him; falsified legal and public records, including plaintiff's "private records"; and withheld plaintiff's medical records. *Id.* Plaintiff also alleges that the sheriffs "paraded [him] around the jail house in a wheel chair naked, they then forced [him] to the floor and kicked [him] repeatedly and extremely violently throughout [his] entire torso"; and that the sheriffs "beat [him] again to the point that several witnesses (inmates) said they had to do CPR and use a defibulator [sic] on [him, and] then transported [him] to the Columbia Memorial Hospital," which falsified medical reports. *Id.* Plaintiff requests 20 million dollars in damages; "appointment of a special federal prosecutor and/or investigator"; "freedom from extradition to New York State for any outstanding charges pending until the conclusion of this case"; and dismissal/expungement of all charges incurred in Columbia County from plaintiff's record. *Id.*

Because plaintiff is appearing pro se, this court will liberally construe his pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.")(citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))). Even construing the amended complaint liberally, however, it appears that the Eastern District of California is an improper venue for plaintiff's claims.[1] *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (stating that the court may raise defective venue sua sponte where defendants have not yet filed a responsive pleading and the time for doing so has not run).

Pursuant to 28 U.S.C. § 1406(a), a "district court of a district in which [a case is filed] laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A diversity action may "be brought only in (1) a judicial district where any defendant

---

[1] Because it appears that venue is improper in the Eastern District of California, at this stage, the court has not screened plaintiff's amended complaint beyond determining that venue appears improper.

resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).  Actions in which plaintiff has alleged a federal question may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).  Additionally, in a RICO action, venue is proper in any district in which the defendant "resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a).

Plaintiff's amended complaint reveals that the events giving rise to plaintiff's claims occurred in the Northern District of New York, and not in the Eastern District of California. Additionally, none of the defendants appear to reside, be found, or be subject to personal jurisdiction in the Eastern District of California.  Therefore, it appears that this action should be dismissed or transferred for improper venue. *See Schotz v. Koch*, 2009 WL 1505676 (D. Haw. May 28, 2009) (transferring action for lack of venue at the *in forma pauperis* stage); *Doe v. Mitchell*, 2009 WL 838050 (D. Nev. Mar. 26, 2009) (dismissing action for lack of venue at the *in forma pauperis* stage); *Larson v. Ching*, 2008 WL 5054714 (D. Mont. Nov. 25, 2008) (transferring action for lack of venue at the *in forma pauperis* stage); *Alexandria v. United States*, 2007 WL 2947461, *1 (S.D. Cal. 2007) (dismissing action for lack of venue at the *in forma pauperis* stage).

Accordingly, plaintiff is HEREBY ORDERED to show cause, in a writing due on or before November 4, 2009, why this action should not be dismissed without prejudice or transferred to the Northern District of New York, pursuant to 28 U.S.C. § 1406(a). *See Bennett*

1  *v. Aurora Behavioral Health Care*, 2009 WL 178489 (C.D. Cal. Jan. 26, 2009); *Smith v. U.S.
2  Dep't of Ed.*, 2007 WL 4357546 (N.D. Cal. Dec. 11, 2007). A failure to timely respond to this
3  order to show cause will result in a recommendation that this action be dismissed without
4  prejudice.
5     SO ORDERED.
6  DATED: October 22, 2009.

      EDMUND F. BRENNAN
      UNITED STATES MAGISTRATE JUDGE