**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

WILLIAM E. LYONS,

                          Plaintiff,

               - v -                                    Civ. No. 1:10-CV-215
                                                         (TJM/RFT)

HILLARY CLINTON; ARCHIE WILLIAMS, *Judge*;
COLUMBIA COUNTY, *New York*; NEW YORK STATE,

                        Defendants.

**APPEARANCES:**                        **OF COUNSEL:**

WILLIAM E. LYONS
Plaintiff, *Pro se*
2205 Meadowview Road
Sacramento, CA 95833

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

      The Clerk has sent to the Court for review an Amended Complaint filed by *pro se* Plaintiff William E. Lyons. Dkt. No. 8. Plaintiff's original Complaint was filed in the Eastern District of California. Dkt. No. 1, Compl. In that one-page Complaint, Plaintiff made general, conclusory assertions of assault, false imprisonment, defamation, and conspiracy against the named Defendants. *Id.* In an Order, dated April 29, 2009, the Honorable Edmund F. Brennan, United States Magistrate Judge for the Eastern District of California, granted Plaintiff's Motion to Proceed *in Forma Pauperis* (Dkt. No. 2), and dismissed the Complaint for failure to state a cognizable claim with leave to amend. Dkt. No. 5. In granting Plaintiff leave to amend, Judge Brennan directed Plaintiff to "identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations against each defendant." *Id.* at p. 7. Moreover, Judge Brennan clarified that

"defendants not named in an amended complaint are no longer defendants . . . . Thus, Should plaintiff file an amended complaint, the court cannot refer to the prior pleading in order to make the amended complaint complete." *Id.*

Subsequently, Plaintiff filed an Amended Complaint, Dkt. No. 8, Am. Compl., which was transferred to this Court on February 24, 2010, Dkt. Nos. 13-14. In his Amended Complaint, Plaintiff alleges that, at some unspecified point in his past, he was arrested in Columbia County and beaten and humiliated by members of the Columbia County Sheriff's Department, who "paraded [Plaintiff] around the jail house in a wheel chair naked," and then forced him to the floor and kicked him repeatedly. Am. Compl. at p. 3. Plaintiff alleges that several hours later, he was transported to Columbia Memorial Hospital, where his medical records were allegedly falsified.[1] *Id.*

Plaintiff also accuses the Defendants of filing false charges against him and "withholding information in order to benefit themselves whether individually or collectively within their entities [to] cover up premeditated first degree attempted murder." *Id.* at p. 2. Finally, Plaintiff charges that Defendants:

> intentionally and knowingly acted in collaboration to cover up the charges I attempted to file within the state in order to maintain a lucrative flow of monetary and illegal control of the community as well as surrounding areas through legal intimidation and with lethal police and sheriff violent behaviors that not only resulted in my temporary death but permanent death and damage to others in the community.

*Id.*

Plaintiff asserts violations of the Americans with Disabilities Act ("ADA"), unnamed Civil Rights Acts, and the Racketeer Influence and Corrupt Organizations Act ("RICO").

In terms of relief, Plaintiff seeks: (1) the appointment of a special federal prosecutor and/or

---

[1] Plaintiff has attached to his Amended Complaint medical records from Columbia Memorial Hospital that contain his own annotations, which basically highlight alleged falsities. *See* Am. Compl., Attachs.

investigator; (2) "freedom from extradition to new York State for any outstanding charges pending until the conclusion of this case;" (3) dismissal and expungement from his record of all charges brought against him in Columbia County; and (4) twenty million dollars in damages. Am. Compl. at p. 2.

## I. DISCUSSION

### A. Plaintiff's Amended Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

In his original Complaint, Plaintiff named Hillary Clinton, Judge Archie Williams, Columbia County, and New York State as Defendants. Dkt. No. 1. In his Amended Complaint, Plaintiff names the following Defendants: Columbia County Sheriffs Association, Columbia County Mental Health, Columbia Memorial Hospital (hereinafter "Columbia County Defendants") and Judge Archie Williams.[2] Am. Compl. at p. 1. Plaintiff also asserts his intention to bring claims against "persons and/or personal employees within the entities that need to be identified as I am capable to pick them out in a line up or photo recognition." *Id.* at p. 2. Plaintiff concedes that Defendants Hillary Clinton and New York State, who are currently listed as Defendants on the Docket, should

---

[2] Although Plaintiff does not list Judge Williams as a Defendant alongside the other Defendants listed on the first page of his Amended Complaint, he accuses him of violating his sworn oath of office and he makes clear his intent to include Judge Williams as a Defendant in this action. Am. Compl. at p. 2. Therefore, construing this *pro se* Amended Complaint liberally, we will consider Judge Williams to be a named Defendant in this action.

be discharged from this action. *Id.* Based on the aforementioned concession, and considering also the lack of factual allegations presented against them, we recommend that Defendants Hillary Clinton and New York State be **dismissed** from this action.

Plaintiff's claim against Defendant Judge Williams appears to be that Judge Williams refused to initiate a "judicial inquiry into the wrong doings and [] criminal and violent behaviors of the [] defendants," and thereby violated his oath of office. *Id.* Any such claim should be dismissed because of the absolute judicial immunity with which Judge Williams is cloaked. *See Bliven v. Hunt,* 579 F.3d 204, 209 (2d Cir. 2009) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions.") (citations omitted). Therefore, we recommend that Plaintiff's claims against Defendant Judge Williams be **dismissed** pursuant to § 1915(e)(2)(B)(iii).

Plaintiff also asserts a claim under RICO. However, as Judge Brennan concluded in his April 28, 2009 Order dismissing the original Complaint, Plaintiff cannot maintain a RICO claim because he does not allege any damages to a business or property. Dkt. No. 5 at p. 5 (citing *Diaz v. Gates*, 380 F.3d 480, 483 (9th Cir. 2004)); *see also Gilfus v. Vargason,* 2006 WL 2827658, at *8 (N.D.N.Y. Sept. 30, 2006) (noting that under RICO, "Plaintiffs cannot seek damages for physical injury, mental suffering, distress, or humiliation"). Therefore, that claim should be **dismissed**.

Regarding Plaintiff's claims against the Columbia County Defendants, Plaintiffs allegations are that: (1) members of the Columbia County Sheriff's Department beat and humiliated him; (2) he was sent to the Columbia Memorial Hospital where the staff falsified his medical reports in order to cover up his condition; (3) false charges were filed against him resulting in his unlawful imprisonment; (4) his "Federal disability rights" were violated; and (5) the Defendants "acted in

collaboration to cover up the charges [Plaintiff] attempted to file." Am. Compl. at pp. 2-3.

The last four of the above five claims are supported by no factual allegations whatsoever and are wholly conclusory and/or not reasonably plausible. Plaintiff does not identify who allegedly falsified his medical records, nor why any Columbia Memorial Hospital staff member would have incentive to falsify his medical records, nor what connection, if any, existed between such staff members and the persons who allegedly beat him. Moreover, Plaintiff does not provide the circumstances of the alleged false charges filed against him, nor how his disability rights were violated, nor what acts were taken to cover up charges he attempted to file, nor what those charges were. Therefore, it is recommended that these allegations be **dismissed** pursuant to § 1915(e)(2)(B)(ii).

Moreover, pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, "a municipality cannot be held liable under § 1983 on a respondeat superior theory." 436 U.S. 658, 691 (1978). A municipality may only be held liable for constitutional claims under § 1983 if the alleged conduct was undertaken pursuant to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipal] officers[,] . . . [or] governmental 'custom' even though such a custom has not received formal approval through the . . . [municipality's] official decision[-]making channels." *Id.* at 690-91. Plaintiff does not allege that any of the Columbia County Defendants acted pursuant to a policy or that failure to train was a proximate cause of his alleged injuries. Therefore, all of Plaintiffs claims against the Columbia County Defendants should be **dismissed** on that basis and pursuant to § 1915(e)(2)(B)(i).

With respect to Plaintiff allegations that he was beaten by six to eight Deputy Sheriffs, he does not say where or when that beating occurred, nor does he identify his alleged assailants.

However, Plaintiff has indicated that he does not know the names of the persons who allegedly beat him, but could "easily [identify] them through personal recognition." *Id.* Given the liberal reading that must be afforded to *pro se* complaints, we conclude that Plaintiff's excessive force claim should not be dismissed at this point. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Thus, the Clerk is ordered to substitute eight "John Does" as Defendants in this action. Plaintiff is advised that the U.S. Marshals cannot effect service on a "John Doe" defendant. **In the event that Plaintiff wishes to pursue his claims against these Defendants, he shall take reasonable steps to ascertain their identities**. Plaintiff may then file a motion to amend his Amended Complaint and seek leave of the Court to add such individuals, by name, as Defendants to this lawsuit. **Plaintiff is further advised that if these individuals are not timely served, this action will be dismissed as against them.**

Plaintiff is also **ordered to submit a status report to the Court within sixty (60) days of the date of this Report-Recommendation and Order** informing the Court as to the steps he has taken to identify the John Doe Defendants. **Plaintiff is forewarned that his failure to submit a timely status report will result in this Court's recommendation of dismissal of his remaining claims on failure to prosecute grounds**.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Amended Complaint (Dkt. No. 8) be **DISMISSED in part** in accordance with the above opinion; and it is further

**RECOMMENDED**, that all of the presently named Defendants be **DISMISSED** from this

action and that the Clerk be ordered to substitute eight "John Does" as Defendants in this action; and it is further

**ORDERED**, that should the District Court adopt our recommendations, **that Plaintiff shall submit a status report to the Court within thirty (60) days of such adoption**, informing the Court as to the steps he has taken to identify the John Doe Defendants; and it is further

**ORDERED**, that **Plaintiff be forewarned that should he fail to file a timely status report, that this Court will recommend dismissal of all his remaining claims**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff has fourteen (14) days within which to file a written objection to the foregoing report. Any such objection shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date: April 23, 2010
Albany, New York

RANDOLPH E. TREECE
United States Magistrate Judge